TRANSFER ORDER
Edgardo Ramos, U.S.D.J., United States District Judge *155 Petitioner Moises Rone, currently detained in Hudson County Correctional Center in the custody of Immigration and Customs Enforcement ("ICE"), brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) because he was not taken into ICE custody when he was released from custody for the criminal offense that triggered his removal. Habeas Pet., Doc. 1 at ¶ 31. For the following reasons, this petition is transferred to the United States District Court for the District of New Jersey.
"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla , 542 U.S. 426, 442, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). This § 2241 petition appears to be a core habeas petition challenging Petitioner's present confinement in Kearny, New Jersey, which is located in the judicial district of the United States District Court for the District of New Jersey.[1] 28 U.S.C. § 81(a)(6). Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the District of New Jersey.
The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Petitioner. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court. This order closes this case.
The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States , 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).
SO ORDERED.
Although he did not list them in the caption, Petitioner names four additional Respondents in his Petition: (1) Christopher Shanahan, in his official capacity as New York Field Office Director for ICE's Detention and Removal Operations; (2) Jeh Johnson, in his official capacity as Secretary of the Department of Homeland Security; (3) the Department of Homeland Security; and (4) Oscar Aviles, in his official capacity as warden of the Hudson County Correctional Center. See Habeas Pet., Doc. 1 at ¶¶ 9-11. It may be necessary for Petitioner to amend his petition to name his immediate custodian. See Padilla , 542 U.S. at 436, 124 S.Ct. 2711 ("[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' ") (citing 28 U.S.C. § 2242 ).